**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KRISTOPHER WILLIS, JR. AND SETH PALUMBO,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-CV-02140** |
| | § | |
| **CHRISTOPHER BOLIN, SHANE WYRICK,** | § | |
| **ANTHONY MACIAS, JOHNATHAN GONZALEZ, MARTIN GARCIA, ROLAND PEREZ, SHERIFF ED GONZALEZ, AND HARRIS COUNTY,** | § | **JURY DEMANDED** |
| | § | |
| **Defendants.** | | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR OBJECTIONS**

**TO THE MEMORANDUM AND RECOMMENDATION [Dkt. 53]**

**TO THE HONORABLE DISTRICT JUDGE CHARLES ESKRIDGE:**

Plaintiffs Kristopher Willis, Jr. and Seth Palumbo file this reply to the responses of Deputies Wyrick, Macias, J. Gonzalez, Garcia, and Perez (the "Deputies") (Dkt. 55), and Harris County and Sheriff Gonzalez (Dkt. 56), to Plaintiffs' Objections (Dkt. 54).

## I. THE DEPUTIES DEFEND THE M&R'S CONCLUSIONS, NOT ITS REASONING

### *A. The Objections cite the live complaint, not new facts.*

The Deputies' lead point is that Plaintiffs "supply in briefing what Rule 8 requires in a pleading." Dkt. 55 ¶¶ 1, 6. They do not identify one fact in the Objections that are not cited to the Second Amended Complaint. Dkt. 54 at 13–22. The question on de novo review is whether those pleaded facts, taken as true, state a claim. Fed. R. Civ. P. 72(b)(3). The Deputies never engage that question.

### *B. The abandonment ruling cannot be defended by repeating it.*

The Objections quoted the passages of Plaintiffs' response that addressed the excessive-force bystander theory as to Macias ("present and aware of the alleged unlawful arrests and use of excessive force by Bolin") and Garcia ("stood by as Bolin struck Palumbo"). Dkt. 46 at 17–18; Dkt. 54 at 14–15. The M&R quotes the same passages. Dkt. 53 at 12–13. The Deputies' response does not mention them. It asserts that the claims "remain abandoned," Dkt. 55 ¶ 7, without explaining how a response that addressed a deputy's knowledge of Bolin's force and his failure to act "fail[ed] to address" the claim. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022).

Nor does non-opposition, where it exists, authorize dismissal with prejudice without testing the pleading. A court presented with a Rule 12(b)(6) motion "assesses the legal sufficiency of the complaint," *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012), and the Fifth Circuit does not permit "the automatic

grant, upon failure to comply with [local] rules, of motions that are dispositive of the litigation." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam) (quoting *John v. Louisiana (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)); accord *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012). The rule applies with particular force where, as here, the motion seeks dismissal with prejudice. *John*, 757 F.2d at 709 (discussing *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (reversing Rule 12(b)(6) dismissal with prejudice entered for failure to respond under a local rule)). The Deputies cite no contrary authority.

***C. Gonzalez's alleged handcuffing is direct participation in Willis's seizure, not bystander inaction.***

The M&R grouped "handcuffing or transporting Willis to jail" with alleged failures to intervene and specifically recognized the allegation that J. Gonzalez "personally handcuffed Willis." Dkt. 53 at 15. It nevertheless analyzed only whether bystander liability for false arrest was clearly established and expressly declined to reach probable cause. Id. at 15–17.

*Brown v. Wallace*, No. 25-30135, slip op. at 13–14 (5th Cir. Aug. 14, 2026) (per curiam) (unpublished), confirms the distinction. There, Officer Lawrence argued that his alleged conduct amounted, at most, to handcuffing Brown, guarding her detention, and directing her into the vehicle used to transport her. The Fifth Circuit rejected his contention that those acts failed to allege personal involvement, recognizing that the complaint alleged his personal participation in Brown's handcuffing and detention. Because the pleading did not contain the facts necessary to determine whether that seizure was objectively reasonable, the court

affirmed denial of qualified immunity at the Rule 12 stage and remanded for proceedings initially limited to qualified immunity. Id.

Brown does not decide probable cause here. It demonstrates instead that Gonzalez's alleged act of personally handcuffing Willis must be analyzed as Gonzalez's own participation in the seizure rather than converted into a bystander-liability theory merely because another deputy may have initiated the arrest. Under Club Retro, the relevant question is whether the facts alleged to have been known to Gonzalez supplied at least arguable probable cause when he participated in Willis's arrest. 568 F.3d 181, 204–07 (5th Cir. 2009). The M&R expressly did not decide that question.

***D. The M&R did require a duration allegation, and the Deputies still cite no Fifth Circuit case that does.***

The Deputies say the M&R "did no such thing" as demand a stopwatch allegation. Dkt. 55 ¶ 9. The M&R faulted the complaint because it "does not indicate how long Palumbo's interaction with Deputy Bolin lasted, nor how long the force was used," and for that proposition relied on an out-of-circuit district court decision dismissing a bystander claim because the plaintiff "fail[ed] to allege the length of time" force continued. Dkt. 53 at 14 (quoting *Skinner v. Gautreaux*, 593 F. Supp. 3d 383, 397 (M.D. La. 2022)). The Deputies identify no Fifth Circuit decision making elapsed time a pleading element, and they do not address the pleaded succession of separate force events at separate locations, Dkt. 34 ¶¶ 20–26, from which opportunity to intervene is reasonably inferred at this stage.

## II. THE COUNTY'S RESPONSE CONFIRMS THAT THE LIMITATIONS RULING SHOULD NOT BE ADOPTED ON THIS RECORD

### *A. The County does not dispute the distinction that matters.*

The County still does not answer the same-action distinction. The Objections identified a narrower issue than the County's response acknowledges. *Thompson*, *Basco*, and *Pervyshev* involved a dismissed claim or action followed by separate litigation; they do not squarely address the procedural effect of an effective Rule 41(a)(1) dismissal of one defendant where the civil action remained pending and that same defendant was later reintroduced by amendment. Dkt. 54 at 11–12. The County's response repeats the "nullity" and tolling propositions but cites no authority deciding that distinct question. Dkt. 56 ¶¶ 5–6.

Plaintiffs therefore do not ask the Court to extend Rule 15(c)(1)(B) beyond its terms or to resolve, without focused briefing, whether Rule 15(c)(1)(B), Rule 15(c)(1)(C), Rule 21, or another procedural rule governs the reintroduction of Harris County. The narrower objection is that authorities concerning a terminated action and a later lawsuit do not themselves resolve an amendment made while this civil action remained pending. Before dismissing the County with prejudice on limitations grounds, the Court should permit focused briefing on that issue.

### *B. The County's premise that Dkt. 12 dismissed the Sheriff is contradicted by the notice itself.*

The County argues that the June 5, 2025 notice "also dismissed Sheriff Ed Gonzalez in his official capacity." Dkt. 56 ¶ 3. The notice says otherwise. It dismissed "all claims

pleaded against Harris County" and stated that it "relates only to Plaintiff's claims against Harris County and has no impact on his claims as to any other Party." Dkt. 12 at 1. A Rule 41(a)(1)(A)(i) notice operates according to its terms; this one dismissed the County and nothing else. By the County's own authority, an official-capacity claim "is to be treated as a suit against the entity" because "the real party in interest is the entity." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009); Dkt. 56 ¶ 3. Dkt. 12 did not purport to dismiss Sheriff Gonzalez, and the M&R did not analyze the effect of the continuously pending official-capacity claim before concluding that all governmental-entity liability became untimely. That issue should be resolved before the Court simultaneously uses limitations to remove the County and redundancy to remove the Sheriff.

The M&R dismissed the official-capacity claim only as duplicative of the County claim, Dkt. 53 at 33–34. That rationale that presupposes the County claim survives. The County cannot invoke limitations to remove the County and redundancy to remove the Sheriff. Dkt. 54 at 10–11. Its response does not address the point.

The County also states that limitations "ran in this case on April 6, 2025." Dkt. 56 ¶ 3. The M&R held that the April 7, 2025 filing was timely under Rule 6(a), Dkt. 53 at 6–8, and the County filed no objection. That holding is settled for present purposes.

### *C. The County's alternative Monell argument does not support dismissal with prejudice on this record.*

The M&R did not reach Monell. Dkt. 53 at 32–33. Although the Court may consider an alternative ground on de novo review, the County's response largely incorporates its prior

motion and does not address the narrowed pre-incident allegations in the proposed Third Amended Complaint, Dkt. 54-1 ¶¶ 87–115. If the limitations recommendation is not adopted, the Court should either return that issue to the Magistrate Judge or evaluate futility against the proposed pleading itself. Dkt. 54-1 ¶¶ 87–115, which the County does not discuss.

## III. NEITHER RESPONSE ENGAGES THE PROPOSED THIRD AMENDED COMPLAINT

Both responses contain the same paragraph asserting that Plaintiffs "can't amend through objections." Dkt. 55 ¶ 19; Dkt. 56 ¶ 15. Plaintiffs did not attempt to. They tendered a proposed pleading, Dkt. 54-1, with a table matching each deficiency identified in the M&R to the paragraphs that cure it. Dkt. 54 at 25. Futility is measured by applying the Rule 12(b)(6) standard to the proposed pleading. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Neither response cites a single paragraph of that pleading. The Deputies assert that the request "identifies no concrete new facts tied to specific Deputies," Dkt. 55 ¶ 21, without acknowledging the table that does exactly that. The County offers one sentence. Dkt. 56 ¶ 18.

There has been no repeated failure to cure a deficiency previously identified by the Court. There has been no repeated failure to cure a deficiency previously identified by the Court. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The prior motions were terminated as moot or denied without a merits ruling. Dkt. 33. The Second Amended Complaint was filed at the Court's invitation after the initial conference, and discovery has been stayed throughout. Dkt. 32. The M&R is the first ruling to identify any pleading gap, and it neither addressed

Plaintiffs' request for leave, Dkt. 46 at 12, 43, nor made a futility finding. *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007).

The Deputies' answer to the Rule 7(a)(7) alternative is that a reply is "not a vehicle to re-open pleading." Dkt. 55 ¶ 22. The en banc Fifth Circuit held that a district court's discretion to deny a reply "is narrow indeed when greater detail might assist," *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc), and the court has since instructed that trial courts "ought routinely require" a reply and should order one before dismissing on qualified-immunity grounds. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The Deputies cite neither case.

Finally, the County's request for attorneys' fees, Dkt. 56 at 10, is unsupported by argument or authority. A prevailing defendant recovers fees under 42 U.S.C. § 1988 only when the action was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam). Courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22. Nothing in this record approaches that standard.

## IV. CONCLUSION

Plaintiffs request that the Court sustain the Objections as set out in Dkt. 54 at 25; decline to adopt the limitations recommendation without supplemental briefing, decline to adopt any with-prejudice dismissal of the federal claims; and grant leave to file the proposed Third Amended Complaint or, in the alternative, order a focused Rule 7(a)(7) reply.

Date: September 28, 2026 Respectfully submitted,


*/s/ Courtney A. Vincent*

**Courtney A. Vincent**

Minnesota Bar No.: 0403083

SDTX Bar No.: 3746531

***Vincent Law, PLLC***

1035 Dairy Ashford, Suite 145

Houston, Texas 77079

**Mailing Address:**

P.O. Box 940129

Houston, Texas 77094

Tel: (713) 223-9300

Fax: (832) 603-4444

**info@vincentlawpllc.com**

*Attorney for Kristopher Willis and Seth Palumbo*

*/s/ U.A. Lewis*

**U.A. Lewis**

TX Bar No. 24076511

FBN 1645666

***The Lewis Law Group, PLLC***

P.O. Box 27353

Houston, Texas 77227

Tel: (713) 570-6555

Fax: (713) 581-1017

**myattorneyatlaw@gmail.com**

*Attorney for Kristopher Willis*

*/s/ Terry Henderson Peden, Jr.*

**Terry Henderson Peden, Jr.**

TX Bar Card No. 24123963

***The Law Group of THP, PLLC***

P.O. Box 1410

Houston, Texas 77251

Tel: (334) 544-9471

Fax: (334) 460-9844

**thp@thelawgroupofthp.com**

*Attorney for Seth Palumbo*


**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF WORD COUNT**

I certify that this reply complies with the word limit of the Court Procedures of the Honorable Charles Eskridge, Section 18.c. According to the word-count function of Microsoft Word, the reply contains 1,995 words, including headings and quotations and excluding the caption, signature block, and certificates.

*/s/ Courtney A. Vincent*

**Courtney A. Vincent**

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Courtney A. Vincent*

**Courtney A. Vincent**