United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KRISTOPHER WILLIS, JR, and SETH PALUMBO, Plaintiffs, | § | CIVIL ACTION NUMBER 4:25-cv-02140 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| DEPUTY CHRISTOPHER BOLIN, *et al*, Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiffs Kristopher Willis, Jr, and Seth Palumbo allege that six deputies, the sheriff, and Harris County violated their constitutional rights when they were arrested and detained in a roadside incident. Dkt 34 at ¶¶1–3. The allegations generally assert that (i) Defendant Deputy Christopher Bolin used excessive force when arresting and detaining Plaintiffs and unlawfully stopped them from recording the interaction, (ii) Defendants Deputies Shane Wyrick, Anthony Macias, Jonathan Gonzalez, Martin Garcia, and Roland Perez failed to intervene as bystanders, and (iii) Defendants Harris County and Sheriff Ed Gonzalez engaged in a conspiracy with the deputies to violate Plaintiffs' rights.

The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 14.

Plaintiffs filed their original petition in state court on April 7, 2025. Dkt 1-5. Sheriff Gonzalez and Harris County removed the case on May 12, 2025, and filed a motion to dismiss on May 19, 2025. See Dkts 1 & 9. The Deputy

Defendants (other than Deputy Bolin) also filed a motion to dismiss on June 23, 2025. Dkt 15.

Meanwhile, Plaintiffs voluntarily dismissed their claims against Harris County on June 5, 2025. Dkt 12. They then filed their first amended complaint on July 14, 2025, which added new claims against Harris County and Sheriff Gonzalez. Dkt 20. Defendants renewed their motions to dismiss on July 28, 2025. Dkts 27 & 29.

Judge Ho denied the original motions to dismiss as moot and denied without prejudice the amended motions in light of a forthcoming amended complaint. Dkt 33. Plaintiffs then filed their second amended complaint on August 22, 2025. Dkt 34.

Deputy Bolin answered. Dkt 38. The other Defendants renewed their motions to dismiss all claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkts 39 & 41. The Deputy Defendants argue that (i) the claims against them are time barred, (ii) Plaintiffs failed to adequately plead their claims, and (ii) the Deputy Defendants are entitled to qualified immunity. Dkt 39 at 9. Harris County and Sheriff Gonzales argue that (i) the claims against them are time barred, (ii) Plaintiffs failed to adequately plead their claims, and (iii) any state law claims fail. Dkt 41 at 8–9, 30–31.

Pending is a Memorandum and Recommendation by Judge Ho, which concludes that the claims brought by Plaintiffs against the moving Defendants fail. Dkt 53 at 5–6. She thus recommends that the motions by Defendants be granted. Ibid.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d

1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiffs filed timely objections. Dkt 54. Included within is a request for leave to file a third amended complaint. See id at 3; see also Dkt 54-1 (proposed third amended complaint). Defendants responded. Dkts 55 & 56. Plaintiffs filed a reply in support of their objections. Dkt 57.

It is noted that Plaintiffs' reply is quite plainly (and perhaps wholly) generated by artificial intelligence. Their objections bear the same hallmarks, as does their underlying response to the motions to dismiss. And indeed, it strains credulity to consider that human lawyers—as opposed to an artificial-intelligence agent—might have somehow independently typed up the 86-page, 453-paragraph second amended complaint. Regardless, it will all be addressed on the merits, as if professionally drafted by thoughtful counsel.

Plaintiffs contend that the Magistrate Judge erred by finding that the claims against the County and Sheriff and Defendants were time barred. Dkt 54 at 9–13. They also assert that she should have allowed opportunity for adversarial briefing on the issue. Ibid. Plaintiffs also argue that the Magistrate Judge overlooked facts that would state a claim against the Deputy Defendants, particularly with respect to focusing on their collective actions rather than individual ones. Id at 13–19.

Upon *de novo* review and determination, Plaintiff's objections lack merit. Over nearly forty pages in her Memorandum and Recommendation, Judge Ho thoroughly and thoughtfully considered, and rejected, these arguments. Dkt 53.

Judge Ho correctly concluded that Plaintiffs' claims against the County and Sheriff Defendants are time barred because they voluntarily dismissed the timely filed action and refiled after the limitations deadline. Id at 32–33, citing *Basco v American General Insurance Co*, 43 F3d 964, 965–66 (5th Cir 1994): "A federal statute of limitations is not tolled when the plaintiff files a claim that later is

voluntarily dismissed." There was also no need to seek additional briefing on the issue. Plaintiffs addressed the contention in their response to the motions to dismiss. Dkt 46 at 13–14.

As to the argument that facts were overlooked, Judge Ho carefully considered the facts as pleaded in the complaint. Dkt 53 at 9–28. She explained that Plaintiffs presented facts about the Deputy Defendants failing to intervene to stop the application of excessive force, but that these facts didn't show that they could be held liable as bystanders or that they had violated clearly established law. Id at 10–17. Indeed, she considered the facts as to individual Deputy Defendants at multiple points throughout her Memorandum and Recommendation. See id at 12, 15, 17. Judge Ho correctly concluded that the allegations aren't sufficient to "allow the court to draw the reasonable inference that [defendants are] liable for the harm [they have] alleged and that defeat a qualified immunity defense." Id at 9, quoting *Hinojosa v Livingston*, 807 F3d 657, 664 (5th Cir 2015).

The objections by Plaintiffs Kristopher Willis, Jr, and Seth Palumbo to the Memorandum and Recommendation of the Magistrate Judge will thus be overruled. Dkt 54. No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law. It will thus be adopted.

As noted above, within their objections, Plaintiffs also seek leave to again amend their complaint. Dkt 54 at 24.

The decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012). Leave may be denied when it would cause undue delay, be the result of bad faith or dilatory motive, represent the repeated failure to cure previous amendments, create undue prejudice to the opposing party, or be futile. *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

The now-resolved motions proceeded upon Plaintiffs' second amended complaint. See Dkt 34. Each of the prior complaints were met with motions to dismiss. See Dkts 9, 15 (motions as to original complaint) & 27, 29 (motions as to first amended complaint). It is also noted that Plaintiffs' response to the motions when pending before Judge Ho made only bare, passing reference to any such request in the summary of argument, without specifying what further facts had been left out of their then-pending third attempt to assert valid claims. See Dkt 46 at 11; cf id at 8, 45 (issues presented and conclusion/prayer with no such request).

Given this record, the request to further amend represents undue delay, while also evincing both dilatory motive and a repeated failure to cure with prior amendments. Any further attempt at repleading would also be burdensome and create undue prejudice to those Defendants seeking dismissal, many of whom assert qualified immunity.

As such, no further attempt at repleading will be allowed. See *Jones v Robinson Property Group, L.P.*, 427 F3d 987, 994–95 (5th Cir 2005) (affirming denial of motion to amend based on undue delay); *Body by Cook, Inc v State Farm Mutual Automobile Insurance*, 869 F3d 381 (5th Cir 2017) (affirming denial of motion to amend on grounds that plaintiffs had two opportunities to amend and failed to plead their case).

* * *

The objections by Plaintiffs Kristopher Willis, Jr, and Seth Palumbo to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 54.

The Report and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 53.

The motion to dismiss by Defendants Deputies Martin Garcia, Jonathan Gonzalez, Anthony Macias, Roland Perez, and Shane Wyrick is GRANTED. Dkt 39.

The motion to dismiss by Defendants Harris County and Sheriff Ed Gonzalez is GRANTED. Dkt 41.

This action is DISMISSED WITH PREJUDICE with respect to those Defendants.

Defendant Christopher Bolin answered the second amended complaint. Dkt 38. The claims pleaded against him are unaffected by this ruling and thus continue. See Dkt 53 at 38.

It is further ORDERED that any and all future filings by the parties in this action must provide a certificate signed by an attorney attesting that no artificial intelligence was used in the drafting of the filing. The Magistrate Judge is given authority to enforce this rule in her discretion, including the striking of any submission bearing the hallmarks of AI-generation.

SO ORDERED.

Signed on September 30, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge